UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RICHARD FLOWERS,                             :
                                             :
                    Plaintiff,               :
                                             :     **ORDER GRANTING DISMISSAL**
         -against-                           :
                                             :     04 Civ. 5904 (AKH)
                                             :
JO ANNE B. BARNHART, Commissioner            :
of Social Security,                          :
                                             :
                    Defendant.               :
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      This is a Social Security case seeking review of a decision by the Social Security Administration (SSA) to reduce continuing benefits to the plaintiff in order to make up for an earlier overpayment of benefits. The SSA notified the plaintiff of the reduction on March 7, 2003 and denied plaintiff's June 18, 2003 request for reconsideration. Plaintiff subsequently filed suit on July 29, 2004.

      On March 25, 2005, upon receipt of the government's motion to dismiss for failure to exhaust administrative remedies, I issued an order directing the plaintiff to submit responsive and timely papers in order to defeat the government's motion. Plaintiff failed to submit such papers and, on July 12, 2005, I dismissed the case for lack of jurisdiction. However, noting that Plaintiff may not have understood the statutory provisions governing exhaustion of administrative remedies nor the procedures to be followed in the federal district court, I granted plaintiff leave to amend his complaint until August 12, 2005. By letter dated July 20, 2005, plaintiff addressed the court's attention to a letter dated December 14, 2005 which included a copy of a form entitled "Request for Hearing by Administrative Law Judge" dated July 3, 2003

1

and a letter dated June 21, 2003 from the plaintiff to the SSA requesting a hearing. With no evidence that these papers were submitted to the government as required under Rule 5 of the Federal Rules of Civil Procedure, I directed the government by order dated August 29, 2005 to review plaintiff's submissions and provide comment within 30 days as to whether the SSA would allow administrative exhaustion on an expedited basis.

By letter dated September 29, 2005, the government has notified this court that it will provide plaintiff with an expedited administrative hearing and that plaintiff's appeal has been assigned to an administrative law judge with a hearing to be scheduled promptly.

As noted in my opinion of July 12, 2005, this court has jurisdiction to review only a final decision of the SSA. 42 U.S.C. § 405(g). The burden is on the plaintiff to exhaust all procedures for review in the SSA before filing a lawsuit pursuant to 42 U.S.C. §405(g). Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996). Thus, absent a final decision by the SSA, this court is without jurisdiction unless grounds for waiver of the exhaustion requirement are found to exist. The factors generally cited as warranting waiver of the exhaustion requirement are: "1) that the claim is collateral to a demand for benefits; 2) that exhaustion would be futile; and 3) that plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." Id. Here, none of the factors warranting exhaustion are present. First, plaintiff's claim is that the SSA wrongly reduced his social security benefits and thus is identical to his administrative demand for review. Where, as here, the action is one challenging the application rather than the validity of a particular regulation, there is a strong policy favoring exhaustion. Abbey v. Sullivan, 978 F.2d 37, 45 (2d Cir. 1992). Second, there is nothing on the record that would indicate that exhaustion would be futile. Finally, plaintiff will not suffer irreparable harm if required to exhaust all administrative remedies. The "mere trouble and expense of defending an

administrative proceeding is insufficient to warrant judicial review" prior to exhaustion of all administrative remedies. Id. at 46.

As none of the factors warranting waiver of the exhaustion requirement are present in this case, and in light of the government's stated intent to provide plaintiff with an expedited administrative hearing, this case is dismissed without prejudice to plaintiff bringing the case again to the extent such re-filing is appropriate after a final order of the SSA. Further, upon any such resubmission, plaintiff may request that the case be reassigned to me as related.

The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated: New York, New York
October 24, 2005

_____
ALVIN K. HELLERSTEIN
United States District Judge